New Jersey Department of Labor,
Workmen's Compensation Bureau.

JACOB THOMAS, PETITIONER, v. HUGH SIMANTON,
RESPONDENT.

Testimony in this case shows that the petitioner was a night watchman in the garage of respondent * * *. While pushing a wheelbarrow loaded with ashes up an incline in the rear of the respondent's garage he slipped, and while falling struck the lower righ-hand side of his stomach on the wheelbarrow. He was immediately stricken with a severe sharp pain, and as soon as possible he proceeded as best he could to the office telephone, a distance of about one hundred and ten feet, for the purpose of calling a doctor. As he was about to telephone, Dr. Young drove his car into respondent's garage and petitioner explained the situation to him. Dr. Young immediately drove him to his office, and having examined him, diagnosed the case as hernia.

Dr. Young's sworn statement admitted in evidence states, among other things, "he was tender over the hernia, but it was easily reduced," which conclusively proves there must have been a previous descent of said hernia. Dr. Young then took the petitioner to his home where petitioner notified his employer of the accident. In accordance with Dr. Young's recommendation the petitioner entered Easton Hospital and was operated on for hernia * * *.

In view of the facts which developed at the trial of this claim, I am of the opinion that this case is to be classified from paragraph 11 (X) of the Compensation laws. The defense of the respondent in this matter seems to rest wholly on the contention that there was no prostration experienced

by the petitioner immediately following this alleged accident. In taking this stand the respondent errs in that he is failing to use the word "prostration" in the manner described by the statute. By referring to said paragraph 11 (X) of the Compensation law, it will be noted that the term "prostration" is not used without some modification. It states very definitely that the prostration must be to the extent that the employe is compelled to cease work immediately.

In the case at bar the testimony shows that the petitioner ceased work immediately after the occurrence of the accident because of the severe pain which he had, and while still in distress, suffering intensely, he proceeded to call a doctor. It is evident from the testimony that the petitioner ceased work because of his pain and prostration and immediate need of medical aid.

The full five elements of paragraph 11 (X) of the Compensation law have been met, namely:

1. The descent of hernia shall immediately follow the cause;

2. There must be severe pain in the hernial region;

3. There must be such prostration as to compel the employe to cease work immediately;

4. That these facts must be conveyed to the employer within twenty-four hours;

5. The physical distress must be such as to require the attendance of a physician within twenty-four hours.

The petitioner is entitled to an award.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

W. E. STUBBS,
*Deputy Commissioner.*